Charles W. JAMIESON, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15143.

United States Court of Appeals
Seventh Circuit.

Nov. 9, 1965.

Charles W. Jamieson, Chicago, Ill., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Division, Lawrence B. Silver, Atty., U. S. Dept. of Justice, Washington, D. C., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Charles W. Jamieson, taxpayer, has by his petition asked us to review the decision of the Tax Court of the United States denying him a $600 deduction as an exemption for his wife on his separate income tax return for the year 1960.

During 1960 he was a 75-year-old retired lawyer and his wife was 61 years old. His separate income tax return stated that his wife was a bookkeeper and that she was filing a separate return. However, he deducted $600 as a personal exemption for his wife, as well as $1200 as two exemptions for himself, i. e., the regular personal exemption and the exemption allowed a taxpayer who is 65 years of age or over.

1

The Tax Court made findings embodying the foregoing facts, *inter alia.*

In this court taxpayer relies upon the following as propositions of law:

"Whether or not a taxpayer expending $2500.00 per year in entire support of himself and his wife, his dependent, can claim said wife, his dependent, when charging off one-half of the above expenditure for her support and claiming an exemption for that charge-off, under proper interpretation of the intent of the Congress, and the Code Secs. 151(b) and 152(a) 9 as liberally construed by case law and mixed law and fact theories; the Code under Title 26, and Supplements thereto, United States Supreme Court case law, that of the Courts of Appeals, District Courts and Illinois case law where applicable; please see index.

"Regulations Sec. 1 152–1(a) (2) defines support as food, shelter, medical care and the *like.* This broad term and the like is, this Court will doubtlessly agree, sufficient to cover appellant's needs in his favor wherever arbitrarily held against appellant and, has latitude sufficient to help prove his case. (Such liberal verbiage is used in the instruction sheets 1964)."

We believe the controlling question before us is largely determined by the provisions of 26 U.S.C.A. §§ 151 and 152, which, insofar as pertaining hereto, we set forth below.

Sec. 151. Allowance of Deductions for Personal Exemptions

(a) Allowance of deductions.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

(b) Taxpayer and spouse.—An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer.

\* \* \* \* \* \*

Sec. 152. Dependent Defined.

(a) General definition.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer

\* \* \* :

\* \* \* \* \* \*

(9) An individual [other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer] who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household,

\* \* \*.

In the case at bar respondent determined that taxpayer's wife had a gross income during the taxable year. This was not disputed by him. If a husband and a wife file separate returns, each must take his or her own exemption.

Under § 151(b), a husband, as a taxpayer, may not on his separate return claim a deduction for a $600 personal exemption of his wife, in addition to his own $600 exemption, where she had gross income during the husband's taxable year.

As to taxpayer's propositions of law aforesaid, which assert that he expended $2500 per year in entire support of himself and his wife, charging off one-half thereof for her support and claiming an exemption therefor, the answer is set forth in our holdings in this opinion. There is nothing which may be added which promises to clear up the obvious

confusion in taxpayer's mind, which we regret.

For these reasons the judgment of the Tax Court is affirmed.

Judgment affirmed.